Courtney Lowery (Bar No. 036888)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| John Knight, Lorena Knight and Tiffany Campbell, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Sierra Tucson, LLC,<br><br>Defendant. | NO. 2:22-cv-<br><br>**ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

Plaintiffs John Knight, Lorena Knight and Tiffany Campbell (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Courtney Lowery of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendant Sierra Tucson, LLC ("Defendant"), state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiffs were employed by and performed work for Defendant in Pinal County. Therefore, venue is proper within the Phoenix Division of the District of Arizona pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff John Knight is an individual and resident of Pima County.

6. Plaintiff Lorena Knight is an individual and resident of Pima County.

7. Plaintiff Tiffany Campbell is an individual and resident of Pinal County.

8. Defendant is a foreign limited liability company.

9. Defendant's registered agent for service of process is CT Corporation System at 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

10. Defendant maintains a website at https://www.sierratucson.com/.

### IV. FACTUAL ALLEGATIONS

11. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

15. Defendant employed each Plaintiff within the three years preceding the filing of this Complaint.

16. Defendant employed John Knight as a Patient Safety Technician from September of 2021 to the present.

17. Defendant employed Lorena Knight as a Nurse Assistant from November of 2021 to the present.

18. Defendant employed Tiffany Campbell as a Residential Safety Crew member from December of 2021 until February of 2022.

19. Defendant paid each Plaintiff an hourly wage.

20. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

21. Defendant also employed other hourly-paid employees (hereinafter, "Hourly Employees") to perform the work necessary to its business.

22. Defendant classified other Hourly Employees as nonexempt from the overtime requirements of the FLSA.

23. Defendant directly hired Plaintiff and other Hourly Employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Plaintiff and other Hourly Employees regularly or occasionally worked over forty hours per week throughout their tenure with Defendant.

25. In addition to their regular pay, Plaintiffs and other Hourly Employees were paid bonuses as incentive to work with patients during the Covid-19 pandemic.

26. The incentive bonuses were based on objective and measurable criteria.

27. Plaintiff and other Hourly Employees expected to receive the incentive bonuses and did in fact receive the incentive bonuses on a regular basis.

28. Upon information and belief, all or most Hourly Employees received incentive pay.

29. The incentive bonuses constituted a nondiscretionary bonus paid to Plaintiffs and other Hourly Employees.

30. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31. Therefore, the hazard pay should be included in the regular hourly rate of Plaintiffs and other Hourly Employees when calculating their overtime premium.

32. Defendant violated the FLSA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiffs and other Hourly Employees, in their regular rate when calculating their overtime pay.

33. Upon information and belief, Defendant's pay practices were similar or the same for all Hourly Employees who received hazard pay.

34. Because of the volume of work required to perform their jobs, Plaintiffs and other Hourly Employees at least occasionally worked in excess of forty hours per week.

35. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other Hourly Employees violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

36. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

38. Plaintiffs propose the following collective under the FLSA:

> **All Hourly Employees who performed work related to an incentive bonus in any week in which they also worked over forty hours within the past three years.**

39. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

40. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

41. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid hourly;

B. They were eligible for and received nondiscretionary bonuses;

C. They worked over forty hours in at least one week in which they performed work related to a bonus; and

D. They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

42. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 100 persons.

43. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

44. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

45. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

46. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

47. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

49. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their

regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

50. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

51. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiffs 1.5x their regular rate for all hours worked in excess of 40 per week.

52. Defendant knew or should have known that its actions violated the FLSA.

53. Defendant's conduct and practices, as described above, were willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

55. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

57. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

58. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

61. Defendant misclassified Plaintiffs and other similarly situated employees as exempt from the overtime provisions of the FLSA.

62. Defendant failed to pay Plaintiffs and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

63. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

64. Defendant knew or should have known that its actions violated the FLSA.

65. Defendant's conduct and practices, as described above, were willful.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

67. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs John Knight, Lorena Knight and Tiffany Campbell, each individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and their related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

DATED this 2nd day of May, 2022.

> Courtney Lowery
> Ariz. Bar No. 036888
> courtney@sanfordlawfirm.com